CASE 6—PETITION EQUITY—OCTOBER 2.

## Stewart vs. Barclay.

*APPEAL FROM LOUISVILLE CHANCERY COURT.*

Stewart, by will, gave to his wife "the sole control, management, and use of the income arising from his estate, without accountability to any one, for the support of herself and the education of their children;" and by a codicil he gave to his wife "the sole control of all the income from his estate, without accountability to any one." *Held*— That if this was not a devise of the estate itself to her *in fee*, it certainly invested her with a *life estate* therein. Stewart left four children—one a daughter, married, and died, leaving a child; and the child also died in infancy before the death of its grandmother' Stewart's wife. *Held*—That the father of this grandchild took no part or interest in the estate of Stewart, either as tenant by the curtesy to his wife, or as heir to his infant child. The interest of this married daughter in said estate in remainder, at her death descended to her infant child, and at its death passed by descent to the brother and sisters of its mother, and as said interest was not *owned and possessed* by her at the time of her death, and was not held by *another for her use*, her husband was not entitled to any interest whatever in said estate.

Stewart vs. Barclay.

G. A. & I. CALDWELL,                                    For Appellants,
                            CITED—
  4 *Kent's Com., s. p.* 536, *and authorities cited.*
  1 *Johnson's Chy. Rep.,* 499 ; *Earl vs. Green.*
  2 *Jarman on Wills, s. p.* 534.
  12 *B. Mon.,* 435 ; *Mackey vs. Proctor, &c.*

HARRIS & HAGAN,                                        On same side,
                            CITED—
  *Sec.* 1, *art.* 4, *chap.* 47, 2 *Rev. Stat., p.* 22.
  7 *B. Mon.,* 617 ; *Atty. Gen. vs. Wallace's devisees.*
  *Reeves' Domestic Relations, p.* 28.
  18 *B. Mon.,* 383 ; *Williamson vs. Williamson.*
  4 *Kent,* 536.
  3 *Barb. Sup. Ch. Rep.,* 243.
  2 *Kent,* 225.
  19 *B. M.,* 9.
  18 *B. M.,* 863.
  1 *Duvall,* 318 ; *Proctor and wife vs. Duncan, &c.*

BULLOCK,                                               For Appellee.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Willis Stewart died, leaving Patsey Stewart, his wife, and four children, viz : Malcolm G., Alice, Fanny, and Patsey O. Stewart, surviving. He also left a will, in which he gave to his wife the sole control, management, and use of the income arising from his estate, without accountability to any one, for the support of herself and the education of their children, after paying his just debts, requesting that his property should be so managed as to produce the best possible income for the support of his wife and children, either by selling that then on hand, and investing the proceeds in other property, such as stock, or only selling a part, and improving the balance ; and appointed his wife

executrix, and his brother, James Stewart, executor of his will, and clothed them with the power to make sales and investments as he had named.

By a codicil to his will, he gave to his wife the *sole control of all the income from his estate, without accountability to any one.*

This action in equity was brought by H. Wheeler Barclay, after the death of the widow of the.testator, who alleges in his petition, in addition to the facts stated, that in October, 1858, he intermarried with˙Patsey O., one of the daughters of said testator, and that she, after having given birth .to a child, departed this life. That said infant survived its mother about six weeks, and then died. That said testator died the owner of valuable real estate in the city of Louisville, which, as appellee alleges, the widow, as executrix, took into her possession, and held in trust for herself and children. That she and her co-executor, under the power conferred upon them by said will, purchased a valuable tract of land in the county of Jefferson from one Alfred Harris, by whom the same was conveyed to the said executor and executrix of said Willis Stewart, deceased, in trust for the beneficiaries under his will. Appellee further alleges that Patsey Stewart, the executrix, died after his wife and child, and, as may be inferred, intestate; that no one had administered on her estate; and that his wife, said Patsey O., was entitled to an undivided fourth of the estate of her father under his will, which interest he alleges was held by her mother in trust for her, and upon the death of his wife her child became entitled, under *the will of its grandfather*, to said share; and that he, as heir-at-law to his child, is entitled thereto ; and if not so entitled in fee, he claims as tenant by the curtesy that he is entitled to said share for life.

Appellants deny that he has any share in said land in either capacity; deny that their mother ever held the estate in trust, and claim that, upon the death of their sister's child, they became entitled to the whole estate left by their mother and father.

If the provision made by Willis Stewart for his widow, giving her the income of his whole estate, was not a devise of the estate itself to her in fee, it certainly invested her with a life estate therein ; and this is the more favorable conclusion for appellee. After the termination of the life estate, then, he made no disposition of the remainder by his will, and as to that he died intestate ; so that the wife of appellee was entitled, by descent from her father, to one fourth of the remainder in fee, after the termination of the life estate of the widow.

The first question, then, is, does appellee take a life estate in his wife's share as tenant by the curtesy ?

*Section* 1, *article* 4, *chapter* 47, *Revised Statutes* (2 *vol.*, 22), provides, that where there is issue of the marriage born alive, the husband shall have an estate for his own life in all the real estate owned and *possessed* by the wife at the time of her death, or of which another may then be seized to her use ; but shall hold the same subject to her debts.

It is very clear, from the language of the will, that Mrs. Stewart, the widow, was not seized of the real estate of the testator during her life to the use of any one but herself. She had a right to control it as she pleased, and was entitled to the whole proceeds, to be used and appropriated by her in any way she chose, independent of the wife of appellee, and without responsibility to any one; consequently, this provision of the Revised Statutes does not apply to or beneficially affect his claim.

As, therefore, no one was seized of the lands of testator to the use of the wife of appellee at the time of her death, and as she only had an estate in remainder, or an estate in fee, to take effect after the death of her mother, and as her mother survived her, she did not have such seizin or actual possession as would entitle her surviving husband, the appellee, to curtesy.

The estate in remainder of the wife of appellee in the real estate derived from her father, on the death of the wife, passed by descent to her infant child, who died in infancy; and by *section* 9, *chapter* 30, 1*st volume Revised Statutes, page* 421, the estate then passed to the brother and sisters of its mother. It follows that appellee can take no part of, or interest in, the estate of Willis Stewart, deceased, either as tenant by curtesy to his wife or as heir to his infant child.

Wherefore, the decree of the chancellor is *reversed*, and the cause remanded, with directions to dismiss the petition.